IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS BARROS VILLAHERMOSA,

Plaintiff,

v.

UNITED STATES OF AMERICA et als.,

Defendants.

CIVIL NO. 06-1491 (GZS/BJM)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**RE: MOTION TO DISMISS**

**Introduction**

On July 16, 2007, plaintiff Carlos Barros Villahermosa ("plaintiff" or "Barros") filed an amended complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346, §2671, *et seq.*, and Article 1802 of Puerto Rico's Civil Code against the United States of America, as well as six employees of the Department of Homeland Security, and two employees of the United States Marshals Service (collectively "federal employee defendants").[1] (Docket No. 42). The amended complaint also purports to bring claims under 42 U.S.C. §1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* Before the court are motions by the United States and the federal employee defendants to dismiss all claims against them (Docket No. 71), or, in the alternative, to substitute the United States as the proper party defendant for the FTCA claim. (Docket No. 101). Plaintiff has opposed. (Docket No. 84). This case was referred to me by the presiding district judge

---

[1] This court already has dismissed the following claims raised in the amended complaint: (1) the FTCA claims against defendants United States Department of Homeland Security and the United States Customs and Border Protection; (2) all FTCA claims against the United States, except a claim under the theory of malicious prosecution; (3) all claims purportedly arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*; and (4) all Section 1983 claims against federal agency defendants. (Docket No. 62). In addition, I have recommended that the court dismiss all claims against two officers of the Puerto Rico Police Department. (Docket No. 102).

for full pretrial management and resolution of dispositive motions. (Docket No. 20); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  For the reasons that follow, I recommend that the motion to dismiss be granted in part and denied in part.

## Factual Background

The facts as alleged in the complaint are assumed to be true for the purpose of deciding this motion. See Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir. 1994).

Barros worked for the federal government for approximately fourteen years, the first eleven years with the Federal Bureau of Prisons and the last three years as a United States Customs and Border Patrol Officer assigned to the Luis Muñoz Marín Airport in San Juan, Puerto Rico. Defendants Marcelino Borges, Maria Palmer, Mirella Couto, Jackeline Ortiz, Reynaldo Sánchez Ruíz, and Dennis Meccanego at all relevant times were employed by the United States Department of Homeland Security.  Defendants Jorge Pagan-Albino and Roberto Vizcarrondo at all relevant times worked for the United States Marshals Service.

In February 2004, Barros filed for personal bankruptcy, and immediately informed his superiors of this fact.  Barros's superiors harassed and threatened him with termination due to his filing of a bankruptcy petition.

On or about May 10, 2004, Barros was summoned by Puerto Rico authorities and accused of aggravated unlawful appropriation in connection with his alleged removal of an access decal from an abandoned automobile.  Barros informed his superiors that the accusation was frivolous and false, and his agency performed an internal investigation to be conducted by defendant Reynaldo Sánchez Ruíz ("Sánchez Ruíz"), an employee of the Office of Inspector General ("OIG") of the Department of Homeland Security.  Barros attended a meeting with the local district attorney.  Also at that

meeting were Sánchez Ruíz and defendants Jacqueline Ortiz ("Ortiz"), the Area Port Director for United States Customs and Border Protection, who requested Barros to hand her his assigned firearm. When Barros informed her that he was not carrying the weapon, she said she would perform a body search. A body search eventually was conducted by an unnamed local police officer. That same day the court found probable cause against Barros, and he was placed on administrative leave. Subsequently, Barros's supervisors, including Sánchez Ruíz, began making comments that he was a corrupt officer and that his employment would be terminated. Barros claims he was forced to resign his position on May 24, 2004. In November 2004, a preliminary hearing was held and the court found no probable cause against Barros on the illegal appropriation charge. The court made the same finding on appeal. The complaint alleges that Sánchez Ruíz collaborated with the local prosecutor in the state court proceedings. Barros was informed by third parties that his supervisors and other United States government agents were making defamatory statements against him, saying he was a corrupt officer and guilty of a felony. Barros alleges he was arrested on false charges and deprived of his civil rights.

On February 1, 2005, Barros applied to work as a contract guard with the U.S. Marshals Service for the District of Puerto Rico. In June 2005, then-Marshal Herman Wirshing notified Barros that his name was mentioned in an internal investigation of the U.S. Department of Justice, Office of Inspector General, and that Barros was referred to as a "known criminal" who had met with Wirshing. On several other occasions, third parties communicated to Barros that unnamed agents of the defendants were making defamatory statements against him. The complaint alleges that as a consequence, Barros was denied the contract guard position with the U.S. Marshals Service, and that Barros has suffered damages to his reputation and standing in the community, as well as

**Carlos Barros-Villahermosa v. USA**    Page 4
Civ. No. 06-1491 (GZS/BJM)
REPORT AND RECOMMENDATION

emotional and economic damages, and has had difficulty obtaining employment.

## Motion To Dismiss Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all well-pleaded factual claims, and indulge all reasonable inferences in the non-movant's favor. Erickson v. Pardus, 127 S.Ct. 2197 (2007); Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5 (1st Cir. 2005); Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996). Dismissal is appropriate if the facts alleged, taken as true, do not justify recovery. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). In order to survive a motion to dismiss, plaintiff must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988); the "complaint must allege 'a plausible entitlement to relief.'" Chmielinski v. Massachusetts, 513 F.3d 309, 314 (1st Cir. 2008), *citing* Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir.2007). Although all inferences must be made in the non-movant's favor, a court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Moreover, when considering a motion to dismiss under Rule 12(b)(6), a court must limit its focus to the allegations of the complaint. Litton Indus., Inc. v. Colon, 587 F.2d 70, 74 (1st Cir. 1978); Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996).

## Discussion

    A.    **The FTCA Claims**

        *1.*    *Federal Employee Defendants*

The federal employee defendants first argue that they are not proper party defendants under

the FTCA, and that the United States should be substituted as the proper party defendant for any torts they allegedly committed.

Section 1346(b) of the FTCA provides that the United States shall be liable for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b)(1). The FTCA is the exclusive remedy for tortious acts of federal employees, despite any statutory authority of an agency to sue or be sued in its own name, and even when an exception to the FTCA precludes government liability. 28 U.S.C. §2679(a); Aversa, 99 F.3d at 1207-08, *citing* United States v. Smith, 499 U.S. 160, 165-67 (1991).

In addition, the United States is the only proper party defendant under the FTCA, and federal courts lack subject matter jurisdiction as to purported FTCA claims brought against federal agencies or their employees. Avilés-Díaz v. United States, 194 F.Supp.2d 85, 86 (D.P.R. 2002). "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim... shall be deemed an action against the United States... and the United States shall be substituted as the party defendant." 28 U.S.C. §2679(d)(1). The Attorney General, by means of regulation, has delegated the authority to make this certification to the United States Attorneys. 28 C.F.R. §15.3(a). Once such a certification is made, the plaintiff has the burden of proof in establishing that the federal employee defendants were *not* acting within the scope of their employment with respect to the alleged tortious conduct. Rogers v. Management Technology, Inc., 123 F.3d 34, 36 (1st Cir. 1997).

**Carlos Barros-Villahermosa v. USA**                                                              Page 6
**Civ. No. 06-1491 (GZS/BJM)**
**REPORT AND RECOMMENDATION**

In this case, the United States Attorney for the District of Puerto Rico has certified that all eight federal employee defendants were acting within the scope of their federal employment with respect to, and at the time of, the allegations in the amended complaint. (Docket No. 101-2). Barros has not produced any evidence to contest this assertion. Accordingly, the United States is substituted as the party defendant for all claims arising from the allegedly tortious conduct of the federal employee defendants, and the FTCA and Article 1802 claims against these defendants should be dismissed.

### 2.   *The FTCA Claim for Malicious Prosecution*

The appearing defendants also move pursuant to Rule 12(b)(6) to dismiss the FTCA claim for malicious prosecution, which is the only FTCA claim that survived the United States's previous motion to dismiss. (See Docket No. 51, 62). In particular, defendants argue that the amended complaint fails to state a claim under the FTCA for malicious prosecution since it does not affirmatively allege that Sánchez Ruíz - on whose acts the malicious prosecution claim is based - is an "investigative or law enforcement officer" of the United States Government. (Docket No. 71, p. 3).

Section 2680(h) of Title 28 provides that the FTCA does not apply to certain intentional torts, including malicious prosecution, unless the claim arises from the acts or omissions of "investigative or law enforcement officers of the United States Government." 28 U.S.C. §2680(h). The term "investigative or law enforcement officer" is defined as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of federal law." Id.

In this case, the amended complaint does not specifically allege that Sánchez Ruíz was an

"investigative or law enforcement officer" of the United States. Nevertheless, the amended complaint does allege that "Sánchez Ruiz is an employee or worked under contract for Office of Inspector General (Department of Homeland Security), at the time of the facts alleged in the complaint" and that he conducted the investigation of the allegations brought against Barros. (Docket No. 42, ¶¶11, 25). Though lacking in detail, such allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss. As Barros points out in his opposition motion, the Inspector General Act provides that any Assistant Inspector General and any special agent supervised by an Assistant Inspector General, may be authorized to carry a firearm, make arrests, seek and execute warrants for arrest, search premises, and seize evidence. 5 U.S.C. App. §6(e). It remains to be seen, of course, whether Barros will be able to present evidence sufficient to withstand summary judgment that Sanchez-Ruiz in fact was entrusted with any of these duties. At this stage, however, the court must make all inferences in favor of the plaintiff when reading the allegations of the complaint. Accordingly, I recommend that the motion to dismiss the claim of malicious prosecution under the FTCA be denied.

**B.    The Title VII Claims**

The federal employee defendants also move to dismiss any purported Title VII claims brought against them.

This court already has dismissed the Title VII claim brought against the United States. (Docket No.62). In doing so, the district judge adopted my previous recommendation that found that the amended complaint contained no allegation that any of the acts plaintiff complains of were motivated by race, color, religion, sex, or national origin, and no allegation that Barros exhausted administrative remedies that are prerequisite to filing a Title VII lawsuit. See Roman-Martinez v.

Runyon, 100 F.3d 166, 173 (1st Cir. 2003); (Docket No. 51, p. 12-13). These same flaws are fatal to any Title VII claim Barros purports to bring against the individual federal defendants. I therefore recommend that the Title VII claim against the individual federal employee defendants be dismissed.

### C. Constitutional Claims Against Federal Defendants

The appearing federal defendants also move to dismiss any purported claims against them brought under 42 U.S.C. §1983, or for violation of the Constitution of the United States.

The amended complaint brings its claims under the heading of 42 U.S.C. §1983. As defendants point out, however, Section 1983 applies to persons acting under color of state law and not to persons acting pursuant to federal law. Chatman v. Hernandez, 805 F.2d 453, 455 (1st Cir. 1986). In this case, the amended complaint alleges that all of the appearing defendants were either employed by or under contract with a federal government agency with respect to the facts alleged; the amended complaint contains no allegations that any of the appearing federal employee defendants were employed by or acting under the authority of the Commonwealth of Puerto Rico.

Nevertheless, a cause of action may lie against a federal official for deprivation of a plaintiff's constitutional rights pursuant to the holding of Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Moreover, the First Circuit has noted that a Section 1983 claim may lie against federal officers when they are engaged in a conspiracy with state officials to deprive a plaintiff of his/her constitutional rights. Redondo-Borges v. U.S. Dep't of Housing and Urban Dev., 421 F.3d 1, 6 (1st Cir. 2005), *citing* Hampton v. Hanrahan, 600 F.2d 600, 623 (7th Cir. 1979). In either case, the plaintiff must allege that the defendants deprived him of an identified federal right. See, e.g., Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005).

In this case, the amended complaint, read in the light most favorable to Barros, sufficiently

alleges that Sánchez Ruíz collaborated with local officials to pursue false charges against the plaintiff. As the defendants recognize (Docket No. 71, p. 4), the filing of charges based on false statements may sound in a violation of the Fourth Amendment right to be free from unreasonable seizure. Moreta-Ramirez v. Lemert, 233 F.Supp. 2d 286, 290 (D.P.R. 2002), *citing* Franks v. Delaware, 438 U.S. 154 (1978). Here, the amended complaint alleges that Barros was arrested under false charges, depriving him of his civil rights. (Docket No. 42, ¶53). The amended complaint further alleges that Sánchez Ruíz, as the appointed investigating officer, collaborated with the district attorney in prosecuting these allegedly false charges. (Docket No. 42, ¶¶ 36, 37, 38, 39). While it remains to be seen whether plaintiff can produce sufficient evidence to survive summary judgment, the amended complaint contains sufficient allegations against Sánchez Ruíz to survive a motion to dismiss as to the claim that plaintiff was deprived of a federal constitutional right.[2]

However, the same does not hold true as to the other federal employee defendants. With the exception of Sánchez Ruíz, the amended complaint contains no allegations from which the court can infer that any of the other federal employee defendants took any action to deprive Barros of a constitutional right. In fact, the only specific allegations as to most of these defendants pertain to the fact that they are employed by a federal agency. In short, the amended complaint fails to contain specific allegations to support a claim under Bivens or Section 1983 as to any defendant other than

---

[2] Sánchez Ruíz also argues that the cause of action under Bivens and/or Section 1983 should be dismissed under the doctrine of qualified immunity. In assessing a defense of qualified immunity, the court applies a three-part test: 1) whether the facts alleged, taken in the light most favorable to the plaintiff, amount to a violation of a constitutional right; 2) whether that constitutional right was clearly established at the time of the alleged violation; and 3) whether a reasonable official, similarly situated, would understand that his conduct violated that right. Whitfield v. Melendez-Rivera, 431 F.3d 1, 6 (1st Cir. 2005). Defendant's qualified immunity arguments focus on the third factor, which itself depends on facts that are not developed in the record. Accordingly, I recommend that the motion to dismiss on the ground of qualified immunity be denied without prejudice to raising it again in a motion for summary judgment.

Sánchez Ruíz.

## Conclusion

In sum, I recommend: (1) that the United States's motion to substitute itself as the proper party defendant for the FTCA claim be **granted**, and that the FTCA and Article 1802 claims against the federal employee defendants be **dismissed**; (2) that the purported Title VII claims against the federal employee defendants be **dismissed**; and (3) that the purported Section 1983 and Bivens claims be **dismissed** as to all federal employee defendants except Sánchez Ruíz.

This report and recommendation is filed pursuant to 28 U.S.C. 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.  Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 13th day of May, 2008.

S/*Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge